```
                                                                   JS-6
```

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 11-6297-VBF (SHx)**                    Dated: **September 13, 2011**

Title:    Aviara Holdings LLC -v- In Touch Entertainment, et al.

---

PRESENT:  HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

       Joseph Remigio                           None Present
       Courtroom Deputy                         Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:     ATTORNEYS PRESENT FOR DEFENDANTS:

    None Present                            None Present

**PROCEEDINGS (IN CHAMBERS):**       **COURT ORDER DISMISSING FOR LACK OF
                                      SUBJECT MATTER JURISDICTION**

    On August 3, 2011, the Court set an OSC re Lack of Subject Matter Jurisdiction, and ordered Plaintiff to file a response by September 6, 2011.  (Docket No. 5).  The Court noted in its August 3, 2011 Order setting the OSC, "[f]ailure to adequately respond to this OSC may result in dismissal for lack of subject matter jurisdiction."  (Docket No. 5).  As of September 12, 2011, Plaintiff has not filed a response to OSC.

    Plaintiff's Complaint (dkt. 1), filed on July 29, 2011, fails to adequately state the grounds for this Court's jurisdiction over the claims asserted therein.  Fed. R. Civ. P. 8(a)(1) requires Plaintiff to state "a short and plain statement of the grounds for the court's jurisdiction."  Furthermore, Local Rule 8-1 requires Plaintiff to plainly specify in the first paragraph of the Complaint "The statutory or other basis for the exercise of jurisdiction by this Court[.]"  Plaintiff did not comply with either rule.

    Federal courts have subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  For diversity jurisdiction, Plaintiff must allege (1) that there is complete diversity of citizenship between the parties and (2) that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  A corporation is deemed to be a citizen of

MINUTES FORM 90                          Initials of Deputy Clerk ___jre___
CIVIL - GEN

any state by which it has been incorporated and of any state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).

The actual citizenship of the relevant parties is not stated.  *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties.").  Plaintiff has also not demonstrated that this Court has jurisdiction under 28 U.S.C. § 1331, as Plaintiff's Complaint indicates no federal question and alleges causes of action for "Breach of Contract," "Tortious Interference of Business," and "Defamation of Character."  (Docket No. 1).

In sum, Plaintiff has failed to sufficiently establish a basis for this Court's jurisdiction.  The OSC set for September 12, 2011 at 8:30 a.m. on the non-appearance calendar is **VACATED**, and the case is **DISMISSED**, without prejudice.

**IT IS SO ORDERED.**

MINUTES FORM 90                            Initials of Deputy Clerk    ___jre___
CIVIL - GEN